This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39443**

**ERIC JONES,**

Petitioner-Appellee,

v.

**BECKY JONES,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Judge**

Eric Jones
Raton, NM

Pro Se Appellee

Becky Jones
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     Mother asserts that the district court failed to comply with the statutory requirements of NMSA 1978, Section 40-4-11.1 (2008) and NMSA 1978, Section 40-4-11.2 (1989), in its order imposing child support, which reduced the amount of child support recommended by the domestic relations hearing officer (DRHO) and eliminated the child support arrearages recommended by the DRHO. In this Court's notice of proposed disposition, we proposed to reverse and remand. Father filed a memorandum in opposition and Mother filed a memorandum in support, both of which we have duly considered. For the reasons articulated below, we reverse and remand for further proceedings.

**{2}** In his memorandum in opposition, while Father agrees that "the district court could have been more detailed" [MIO PDF 1], he asserts that the district court adequately justified its deviation from the child support guidelines by reference to an amended marital settlement agreement entered into by the parties. [Id.] However, if the amended marital settlement agreement was significant to the district court's deviation from the child support guidelines; its recalculation of child support; or its elimination of the child support arrearages recommended by the DRHO; it is not clear from the district court's order, which merely references the existence of the agreement and Mother's efforts to invalidate the same. [3 RP 730 ¶¶ 5-6] Indeed, the district court did not refer to the amended marital settlement agreement at all in its finding that it would reduce the recommended child support obligation of Father, "given the circumstances surrounding custody and visitation, the child support that [F]ather received for both children, and other mitigating circumstances." [3 RP 731 ¶ 10] Father's memorandum in opposition has therefore not persuaded us that the district court's reference to the amended marital settlement agreement was sufficient to comply with the requirement of Section 40-4-11.2, that "[a]ny deviation from the child support guideline amounts set forth in Section 40-4-11.1 . . . *shall* be supported by a written finding in the decree, judgment or order of child support that application of the guidelines would be unjust or inappropriate." (Emphasis added.)

**{3}** Additionally, Father has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we conclude that the district court erred: (1) in departing from the child support guidelines without determining that application of the child support guidelines would be unjust or inappropriate; (2) in failing to adequately explain the reason(s) it elected to deviate from the child support amounts and arrearages recommended by the DRHO pursuant to the child support guidelines; and (3) providing no basis by which this Court could discern the method used to recalculate child support amounts and eliminate arrearages following its decision to deviate from the child support guidelines. *See* § 40-4-11.2; *Jury v. Jury*, 2017-NMCA-036, ¶ 36, 392 P.3d 242 (holding that is error for the district court "to deviate from the child support guidelines in any manner without providing written justification for such deviation"). We therefore reverse and remand for proceedings consistent with this opinion. *See Tedford v. Gregory*, 1998-NMCA-067, ¶¶ 33-34, 125 N.M. 206, 959 P.2d 540 (reversing and remanding as a result of the district court's error in failing to specify the reasons for deviating from the child support guidelines and the method by which it reached its recalculated amounts).

**{5}** IT IS SO ORDERED.

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**